FILED

2019 JAN 31 AM 9: 12

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JMSH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC AIR COMMERCE SERVICES, LLC; MICRONESIA AIR CARGO SERVICES, LLC; and JOHN J. STEWART,<br><br>Defendants. | CIVIL CASE NO. CV0451-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 5, 2018, for hearing on Defendants Pacific Air Commerce Services, LLC; Micronesia Air Cargo Services, LLC; and John J. Stewart's (collectively, "Defendants") Motion to Dismiss Amended Complaint Pursuant to GRCP 12(b)(6), and Motion to Strike Declaration of Counsel Re: Declaration of Hee K. Cho. Attorney Joyce Tang represents Defendants and Attorney Daniel Berman represents Plaintiff JMSH LLC ("Plaintiff"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter stems from a dispute regarding an Airline Passenger Services Agreement dated September 10, 2015 ("the Agreement"). Plaintiff accuses Defendants of (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) violation of the deceptive trade practices act, (4) fraudulent inducement; (5) fraudulent concealment; and (6) disregard of

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 1 of 13

corporate entity. *See generally*, Am. Compl. and Demand for Trial by Jury, Jul. 25, 2018 ("Amended Complaint"). Prior to the filing of the Amended Complaint on July 25, 2018, Defendants had filed a Motion to Dismiss the May 9, 2018 Complaint pursuant to GRCP 12(b)(6). The matter came before the Court for a Motion Hearing on August 3, 2018, whereby the parties agreed that the Motion to Dismiss was rendered moot upon the filing of the Amended Complaint. Counsel for Defendants, however, indicated that a second Motion to Dismiss would be forthcoming, and a Motion Hearing was set for October 5, 2018.

On August 8, 2018, Defendants filed a Motion to Dismiss the Amended Complaint. On September 5, 2018, Plaintiff filed its Opposition, and on September 19, 2018, Defendants filed their Reply.

On September 14, 2018, Defendants filed a Motion to Strike Declaration of Counsel Re: Declaration of Hee K. Cho. On October 1, 2018, Plaintiff filed its Opposition, and on October 3, 2018, Defendants filed their Reply.

On October 5, 2018, the Court heard oral arguments on both motions. At the conclusion of the hearing, the Court gave the parties leave to submit proposed findings, and indicated it would place the matter under advisement upon receipt. On October 31, 2018, Defendants filed a [Proposed] Decision and Order Re: Defendants' Motion to Dismiss Amended Complaint Pursuant to GRCP 12(b)(6), and Plaintiffs filed [Proposed] Findings of Fact and Conclusions of Law.

## DISCUSSION

### I. Motion to Strike

The Court will first address Defendant's Motion to Strike as it affects how the Court will address the Motion to Dismiss. Defendants move to strike the Declaration of Counsel re: Declaration of Hee K. Cho filed on July 3, 2018[1] based on the limitations of the GRCP 12(b)(6) Motion to Dismiss and because the filing of a copy of a declaration and not the original violates GR 5.1 of the Local Rules of the Superior Court of Guam. *See generally*, Mot. Strike, Sep. 14,

---

[1] This Declaration was filed in support of Plaintiff's Opposition to the first Motion to Dismiss. On July 24, 2018, Plaintiff filed the Submission of Original Signed Declaration of Hee K. Cho.

---

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 2 of 13

2018. Plaintiff opposes, arguing that Defendants "opened the door" by raising a factual issue in their Motion to Dismiss and "submitting documents outside the Complaint and its exhibits." (Opp'n at 1, Oct. 1, 2018).

As the Motion to Dismiss before the Court is based on GRCP 12(b)(6), the Court is "limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Government of Guam*, 2010 Guam 4 ¶ 14 (citation omitted). The Court declines to utilize any documents submitted outside the Amended Complaint and its Exhibits in review of the 12(b)(6) motion, and therefore GRANTS Defendants' Motion to Strike on that basis. Accordingly, the Court does not find it necessary to address any procedural defects with the filing of the Declaration pursuant to GR 5.1 of the Local Rules of the Superior Court of Guam, as argued by Defendants.

## II. Motion to Dismiss Amended Complaint

### A. GRCP 12(b)(6) Legal Standard

When considering a Rule 12(b)(6) dismissal, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 3 of 13

(citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

### B. Whether Counts I & II should be dismissed as to Defendants MACS and Stewart because they are not parties to the contract

Defendants first argue that Counts I & II should be dismissed against Defendants Micronesia Air Cargo Services, LLC ("MACS") and John J. Stewart ("Stewart") because they are not parties to the Agreement. *See* Mot. Dismiss at 3-6. Count I of the Amended Complaint alleges Breach of Contract, and Count II of the Amended Complaint alleges Breach of the Covenant of Good Faith and Fair Dealing. *See* Am. Compl. at 6-8. Defendants argue that the Agreement was only entered into by two parties, Pacific Air Commerce Services LLC, doing business as "Island Hopper" ("PAC") and JMSH. (Mot. Dismiss at 3, Aug. 8, 2018). "Nowhere in the Amended Complaint does it allege that MACS and Stewart agreed to provide any services, product, or an aircraft. Defendants argue that while "Stewart signed the Contract, he expressly signed in a representative capacity, and not in his individual capacity." *Id.*

The Agreement specifically identifies "Party A" as Pacific Air Commerce Services LLC dba "Island Hopper" and "Party B" as JMSH LLC. dba "Interisland Travelers" on page one of the Agreement under "Definitions" section. (Am. Compl., Ex. I). Nowhere in the Agreement is Micronesian Air Cargo Services, LLC or John Stewart listed as a party to the contract, with the exception that the Agreement was signed by John Stewart as President, Micronesian Air Cargo GUAM, LLC, and Micronesian Air Cargo CNMI, LLC is listed above his signature block as "Party A." *Id.* As MACS was not identified as a party to the Agreement, Count I must be dismissed.

Non-parties to a contract cannot "be liable for a tortious breach or for deceit in connection with the making of said contract. Neither cause of action could be stated as to them." *Clemens v. Am. Warranty Corp.*, 238 Cal. Rptr. 339, 343 (Cal. App. 1987). "[O]nly a signatory to a contract may be held liable for any breach." *Id.* "Directors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 4 of 13

purport to bind themselves individually." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970). The Court does not find that Stewart is a party to the Agreement simply because his name appears in the signature line as a corporate representative of "Party A." As Stewart clearly signed the Agreement strictly in a representative capacity, Count I must also be dismissed as to Stewart.

As MACS and Stewart are not parties to the Agreement, Count II, Breach of the Covenant of Good Faith and Fair Dealing, must also be dismissed. "Although an action for bad faith breach of the covenant of good faith and fair dealing sounds in tort, the duty of good faith and fair dealing derives from and exists solely because of the contractual relationship between the parties. Thus, one who is not a party to the underlying contract may not be held liable for the breach of an implied covenant of good faith and fair dealing for as to him no such implied covenant exists." *Austero v. Nat'l Cas. Co.*, 133 Cal. Rptr. 107, 110 (Cal. App. 1976). Accordingly, as there no contract between Plaintiff, MACS, and Stewart, Count II is also dismissed.

**C. Whether Count III should be dismissed as to all Defendants**

Defendants next argue that Count III, Deceptive Trade Practices Act ("DTPA"), should be dismissed against Defendants Stewart and MACS because Plaintiff failed to provide notice to them, as required under Guam law. (Mot. Dismiss at 10-11).

Under Guam law:

(a) As a prerequisite to filing a suit seeking damages under this chapter against any person by a consumer not represented by the Attorney General, a consumer shall give written notice to the person at least thirty (30) days before filing the suit advising the person, in reasonable detail, of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonable incurred by the consumer in asserting the claim against the party.

5 G.C.A. § 32110(a). In the Amended Complaint, Plaintiff asserts that it sent Defendants a notice of settlement letter on September 8, 2016, and March 30, 2017, as required under section 32110 of the DTPA. (Am. Compl. ¶ 57). The September 8, 2016 letter is addressed solely to Pacific Air Commerce Services, LLC, through the care of John Stewart, whereas the March 30,

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 5 of 13

2017 letter is addressed to Pacific Air Commerce Services, LLC and Micronesia Air Cargo Services, LLC, through the care of John Stewart. *See* Am. Compl., Ex. J, K. Although the March 30, 2017 letter is addressed to both PACS and MACS, it is a demand to pay made against PACS only, alleging that PACS has violated Guam law and that the letter serves as a notice of PACS (dba Island Hopper) actions and omissions giving rise to the claims currently before the Court. *See* Am. Compl., Ex. K. Specifically, the letter states:

> Based on a review of 5 GCA § 32201 (Deceptive Trade Practices Unlawful) (2005) and its subsections (b)(2), (3), (4), (10), (18), (23) and (25), Pacific Air Commerce Services, LLC (herein "Island Hopper") has violated, in several different ways and manners, Guam law. . . .

> This letter serves as notice of Island Hopper's actions and omissions which give rise to claims for breach of contract, fraud, misrepresentation and concealment, before, during and after the agreement dated September 10, 2015, together with violation(s) of the Guam Deceptive Trade Practices Act ("DTPA"), and shall constitute the Notice of Offer of Settlement. . . .

Am. Compl, Ex. K. The Notice only described actions performed by PACS, and does not advise MACS and Stewart "in reasonable detail, of the consumer's specific complaint" against them, only against PACS as required by section 32110(a). Therefore, the DTPA claims against MACS and Stewart must be dismissed, as the statutory prerequisite to bringing a DTPA claim has not been met.

Defendants also move for Count III to be dismissed against PAC because Plaintiff is not a consumer under the DTPA. (Mot. Dismiss at 11). In the Amended Complaint, Plaintiff states that "[t]he Agreement and the parties' conduct . . . fall within the DTPA in that JMSH was a consumer as defined under the DTPA and the services sold are covered under the DTPA." (Am. Compl. ¶ 56).

Consumers are defined under the DTPA as "an individual, partnership, association, corporation, or the government of Guam who seeks or acquires by purchase or lease, any goods or services, *except that the term does not include a business consumer that has assets of Twenty-Five Million Dollars ($25,000,000) or more, or that is owned or controlled by a corporation or entity with assets of Twenty-Five Million Dollars ($25,000,000) or more.*" 5 G.C.A. § 32103(d)

---

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 6 of 13

(emphasis added). Plaintiff argues that "[n]o preliminary proof or showing of plaintiff's net balance sheet, debts, loans, mortgages, obligations, assets and income are required under the DTPA" and that Defendants are trying to "look past the corporate form of the Plaintiff." (Opp'n at 14-15).

Defendant seeks the Court to take judicial notice of January 21, 2016 Board Minutes from the Guam Economic Development Authority ("GEDA") stored on their website, https://investguam.com/userfiles/files/01.21.2016%20Board%20Minutes.pdf. In ruling on a 12(b)(6) motion, the Court is limited to reviewing "the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14 (citation omitted). The Court does not find that the GEDA minutes are a document "upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted). Further, the Court must "resolve all doubts in the non-moving party's favor." *Taitano*, 2008 Guam 12 ¶ 2. Therefore, the Court will not dismiss Count III against PACS.

**D. Whether Counts IV and V should be dismissed as to all Defendants for failure to meet minimum pleading standards under GRCP Rule 9(b)**

Next, Defendants move to dismiss Counts IV and V for failure to meet minimum pleading standards under GRCP Rule 9(b).

The Guam Rules of Civil Procedure provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Guam R. Civ. P. 9(b). The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Taitano*, 2008 Guam 12 ¶ 12. The Supreme Court of Guam has explained that "a plaintiff need not prove his claim of fraud at the pleadings stage. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* at ¶ 16 (citation omitted). "Two separate elements of the tort of fraud have very different pleading requirements: the fact that a misrepresentation occurred must be plead with particularity, the fact that a defendant knew that

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 7 of 13

the misrepresentation was false may be averred generally." *Id.* at ¶ 19. "Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage. Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. This standard has been described as a 'who, what, when, where, and how" requirement." *Ukau*, 2016 Guam 26 ¶ 47.

In its Amended Complaint, Plaintiff alleges under Count IV - Fraudulent Inducement that Defendants (1) misrepresented that the SAAB 340 aircraft was under their control; (2) misrepresented that they were willing and able to deliver services and provide or retain skilled manpower and all necessary certifications; and (3) misrepresented that they had the authority to deliver the services and equipment necessary under the Agreement. (Am. Compl. ¶¶ 63-65). Defendants argue that "[t]hese broad allegations do not meet the minimum pleading standards applicable to fraud claims." (Mot. Dismiss at 14). In Opposition, Plaintiff argues that "all representations and material omissions Plaintiff attributed to any and all Defendants were obviously alleged to be made by Stewart himself to Plaintiff at the time indicated or estimated in the Amended Complaint." (Opp'n at 19-20). Plaintiff further argues that "the instant Amended Complaint in fact identifies date-specific email correspondence and all factual allegations are to be taken as true at the 12(b)(6) stage." *Id.* at 20.

Even when the Court takes as true all factual allegations listed in the Amended Complaint for the purpose of this 12(b)(6) Motion, the Amended Complaint does not identify any communications made by Stewart prior to the parties' execution of the Agreement on September 10, 2015. The Amended Complaint identifies communications in 2016 and after. *See* Am. Compl. ¶¶ 25-34. As there are no communications listed prior to the execution of the Agreement that would identify who, what, when, where and how misrepresentations occurred, the Court finds that Plaintiff has failed to plead its fraudulent inducement claim with particularity, and Count IV must be dismissed.

Defendants next argue that Count V – Fraudulent Concealment also "suffers from the same defect." (Mot. Dismiss at 14). Under this count, Plaintiff alleges that since entering into the Agreement: (1) Defendants never informed Plaintiff that all or substantially all of the

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 8 of 13

scheduled passenger flight services necessary and that the SAAB 340 aircraft was under the control of ACI and not Defendants; (2) Defendants fraudulently concealed that they had no authority to deliver what was promised under the Agreement for air travel between Guam, Rota and Saipan, CNMI; (3) Defendants concealed crucial information relating to performance obligations under the contract but nonetheless took payment from Plaintiff under the Agreement; and (4) this concealment was material to the Agreement. *See* Am. Compl. ¶¶ 73-77. Defendants argue that Plaintiff "has failed to allege, with regard to all Defendants, (1) who was responsible for making the allegedly necessary statement to JMSH, and (2) the time and place such person or entity failed to speak when he should have." (Mot. Dismiss at 14).

To satisfy the particularity requirement for claims of fraud by nondisclosure, plaintiffs are generally required to allege:

(1) the relationship or situation giving rise to the duty to speak

(2) the event or events triggering the duty to speak and/or the general time period over which the relationship arose and the fraudulent conduct occurred;

(3) the general content of the information that was withheld and the reason for its materiality;

(4) the identity of those under a duty who failed to make such disclosures;

(5) what those defendant(s) gained by withholding information;

(6) why plaintiff's reliance on the omission was both reasonable and detrimental; and

(7) the damages proximately flowing from such reliance.

*Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F.Supp. 3d 583, 596 (D.Minn. 2014) (citation omitted).

The Court finds that Plaintiff has sufficiently plead facts supporting a claim of fraud by nondisclosure in the Amended Complaint against PACS. In the Amended Complaint, Plaintiff identifies that Defendant did not inform JMSH that it did not own the subject aircraft; that it did not have the proper and required FAA licensure; and that it intended to keep all payments provided under the Agreement and not provide a refund if FAA certification was not timely obtained. *See* Am. Compl. ¶¶ 24-35. The Amended Complaint identifies date-specific email correspondence describing the concealed information about the pursuit of promised and

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 9 of 13

required flight service permits. *Id.* "[A]llegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b). However, the rule may be relaxed as to matters within the opposing party's knowing. For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all the underlying facts. In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts on which the belief is founded." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

With regard to Stewart and MACS, Defendants also argue that Plaintiff failed to allege a relationship or event that created a duty on the part of each to speak, given that they were not parties to the Contract." (Mot. Dismiss at 14; Reply at 10). "[A] duty to disclose material facts can arise not only in situations involving a fiduciary relationship, but also where disclosure is necessary to make a previous statement not misleading or where one party has special knowledge of material facts." *Zimmerschied*, 49 F. Supp. 3d at 597. The Court does not find that there is a duty on the part of MACS to speak, as it was not a party to the Agreement. It does find, however, that there may have been a duty on the part of Stewart to speak. Although Stewart was also not a party to the Agreement, he signed the Agreement as a corporate officer. Stewart's status as a corporate officer or director does not immunize him from personal liability for tortious conduct. *See, e.g., Frances T. v. Village Green Owners Assn.*, 723 P.2d 573, 581 (Cal. 1986). "[A]n officer or director will not be liable for torts in which he does not personally participate, of which he has no knowledge, or to which he has not consented.... While the corporation itself may be liable for such acts, the individual officer or director will be immune unless he authorizes, directs, or in some meaningful sense actively participates in the wrongful conduct." *Id.* at 580. Accordingly, the Court will dismiss Count V only as to Defendant MACS.

### E. Whether Count VI should be dismissed as to PACS

Lastly, Defendants argue that Count VI must be dismissed because the Amended Complaint fails to adequately allege alter ego liability against Stewart and MACS. (Mot. Dismiss at 6). In the Amended Complaint, Plaintiffs allege that "Defendant PACS was a mere

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 10 of 13

sham and shell organized and operated as the alter ego of the Defendants Stewart and MACS for a personal benefit and advantage." (Am. Compl. ¶ 84). Specifically, Plaintiff sets forth the following facts that it believes supports the allegation that PACS was a mere sham and shell organization:

    a. Defendant PACS was grossly undercapitalized;
    b. Defendants Stewart and MACS exercised total dominion and control of Defendant PACS at relevant times;
    c. Defendant Stewart was the only constant member of PACS;
    d. Defendant Stewart was the only constant manager of PACS;
    e. Defendant Stewart comingled his personal finances with Defendant PACS;
    f. Defendant Stewart treated the assets of Defendant PACS as his own;
    g. Defendant PACS failed to maintain adequate corporate records;
    h. No records were kept of the loan provided to Defendants Stewart and MACS by Defendant PACS; and
    i. No records were kept of the advances given to Defendants Stewart and MACS by Defendant PACS.

*Id.* Plaintiffs further allege that "Defendant MACS was a mere sham and shell organized and operated as the alter ego of the Defendants Stewart and PACS for a personal benefit and advantage," listing the same allegations like those against PACS in paragraph 84. (Am. Compl. ¶ 85).

Defendants argue that the "alter ego liability allegations in Paragraph 84 of the Amended Complaint plainly do not properly state a claim upon which relief can be granted under GRCP 12(b)(6) because they are nothing more than conclusory statements of alter ego status and should be dismissed." (Mot. Dismiss at 6). In opposition, Plaintiff argues that the Amended Complaint "sufficiently pleads alter ego liability" as "the Exhibits and factual allegations show identical manager, identical place of business, identical members and common purpose of organization." (Opp'n at 11).

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation. The purpose of the doctrine is to bypass

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 11 of 13

the corporate entity for the purpose of avoiding injustice. Its essence is that justice be done, and thus the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003) (internal citations, quotation marks, and alterations omitted).

To invoke the doctrine of alter ego, Plaintiff must allege facts that, if true, would establish "(1) that there is such a unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice." *Larsen v. Hyatt Intern Corp.*, 2011 Guam 26 ¶ 13 (citation omitted). "Fraudulent intent is also a factor to consider." *Guam Eco. Dev't Auth. vs. Island Equipment Co.,* Inc., 1999 Guam 7 ¶ 11. (citation omitted). "Conclusory allegations of "alter ego" status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson*, 290 F.Supp.2d at 1116 (applying *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957), no set of facts standard) (citations omitted). *See also, Kingdom 5-KR-41, Ltd. V. Star Cruises PLC*, No. 01 CIV. 2946 (AGS), 2002 WL 432390 at *12 (S.D.N.Y. Mar. 20, 2002) ("in order to overcome the 'presumption of separateness' afforded to related corporations, [the plaintiff] is required to plead specific facts supporting its claims, not mere conclusory allegations."); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) ("purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard"). Here, the Court finds that the allegations in the Amended Complaint do not contain sufficient facts to support the elements required under the *alter ego* doctrine. The Court finds that they are conclusory allegations that do not properly state a claim.

Plaintiff also argues that Stewart is individually liable for PAC's obligations under the Agreement as he may be held personally liable for wrongful acts committed before the LLC was formed. *See* Opp'n at 9. The Court does not find that Stewart is individually liable for PAC's obligations under the Agreement. Although PACS was formed on September 11, 2015, the day after the Agreement was signed, the Amended Complaint alleges that the breach of contract

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order

Page 12 of 13

occurred "on or before September 8, 2016 and March 30, 2017, when Plaintiff allegedly requested that the Defendants' perform, and which they claim Defendants refused to do so. (Am. Compl. ¶ 41). The wrongful conduct alleged therefore occurred after the LLC was formed. Thus, viewing the Amended Complaint in the light most favorable to Plaintiff, the allegations regarding the date PACS was formed pre-date the alleged breach of the Agreement by one year, and therefore cannot support an *alter ego* theory of liability against Stewart. Accordingly, in the absence of sufficient facts alleged, the Court dismisses Count VI against all Defendants.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Strike. The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. The Court dismisses Counts I, II, and III against Defendants MACS and Stewart; Count IV against all Defendants; Count V against Defendant MACS and Stewart; and Count VI against all Defendants. Defendants shall file their Answer to the Amended Complaint within fifteen (15) days of the issuance of this Decision and Order. Further Proceedings are set for **MAR 8 2019** _____ at 9:00 a.m.

**IT IS SO ORDERED** this 30th day of January, 2019.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Berman
Civille
Date: 1/31/19 Time: 9:30 am
Deputy Clerk, Superior Court of Guam

*JMSH LLC vs. Pacific Air Commerce Services, LLC, et al.*
CV0451-18
Decision and Order